IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD H. GARDNER, p/k/a BLACKA NICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Docket No.:** |
| ) | |
| RAMON LUIS AYALA-RODRIGUEZ, ) | **COMPLAINT FOR A** |
| p/k/a DADDY YANKEE, EL CARTEL ) | **DECLARATORY** |
| RECORDS, INC., LOS CANGRIS ) | **JUDGMENT AND ACCOUNTING** |
| PUBLISHING, MACHETE MUSIC, ) | |
| UNIVERSAL MUSIC DISTRIBUTION ) | |
| CORP., UNIVERSAL MUSIC GROUP, ) | |
| VIDAL INVESTMENT, INC., and VI ) | |
| MUSIC, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT AND ACCOUNTING

### Introduction

1.    This is an action for declaratory judgment that plaintiff is a co-author and thus a co-owner of the sound recording and musical composition copyrights in the song "Dale Caliente" ("the Song") and entitled to a full accounting of all profits earned by his co-authors from their exploitation of those copyrights.

### Parties, Jurisdiction and Venue

2.    Plaintiff Donald H. Gardner, p/k/a Blacka Nice ("Plaintiff") is citizen of New York City, New York at 2847 Briggs Avenue, Bronx, New York

3.    Defendant Ramon Luis Ayala-Rodriguez, p/k/a Daddy Yankee ("Daddy Yankee") is a citizen of the Commonwealth of Puerto Rico.

4.      Defendant El Cartel Records, Inc. ("El Cartel") is an independent record label. On information and belief, El Cartel is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico with its principal place of business located at Calle Yaboa Real #874, Urb. Country Club, San Juan, Puerto Rico 00924. El Cartel claims to be the sole owner of the copyright in the sound recordings of the albums *Barrio Fino* and *Barrio Fino en Directo*, both of which contain the Song.

5.      Defendant Los Cangris Music Publishing ("Los Cangris") is a music publishing company. On information and belief Los Cangris is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico with its principal place of business located at Calle Yaboa Real #874, Urb. Country Club, San Juan, Puerto Rico 00924. Los Cangris is a music publisher affiliated with the American Society of Authors, Composers and Publishers ("ASCAP"). Los Cangris claims ownership of the publishing rights derived from ownership of the copyright in the musical composition of the Song.

6.      Defendant Machete Music ("Machete") is a Latin Music-focused division of Universal Music Group. On information and belief, Machete is a California corporation with principal places of business in Los Angeles, California, New York, New York, and San Juan, Puerto Rico.    Machete was responsible, in whole or in part, for the distribution of the *Barrio Fino* album. On information and belief, Machete either claims a copyright interest in the Song, or has exercised rights of a copyright owner of the Song, or is a necessary party for the Accounting relief requested herein.

7.      Defendant Universal Music Distribution Corp. ("UMD") is a division of Universal Music Group. On information and belief, UMD is a California corporation with

principal places of business in Los Angeles, California and New York, New York. UMD was responsible, in whole or in part, for the distribution of the *Barrio Fino en Directo* CD/DVD combo album. On information and belief, UMD either claims a copyright interest in the Song, or has exercised rights of a copyright owner of the Song, or is a necessary party for the Accounting relief requested herein.

8. Defendant Universal Music Group ("UMG") is the parent company of Machete Music and Universal Music Distribution. On information and belief, UMG is a California corporation with principal places of business in Los Angeles, California and New York, New York. Either on its own or through one or more of its divisions, UMG was responsible for the distribution and promotion of both *Barrio Fino* and *Barrio Fino en Directo*. On information and belief, UMG either claims a copyright interest in the Song, or has exercised rights of a copyright owner of the Song, or is a necessary party for the Accounting relief requested herein.

9. Defendant Vidal Investment, Inc. ("Vidal") is a music and entertainment company organized and existing under the laws of the Commonwealth of Puerto Rico with its principal place of business at Calle Ernesto Cerra #623, San Juan, Puerto Rico 00907. On information and belief, Vidal, either on its own or through its VI Music Division, had a role in the release and distribution of the *Barrio Fino* album. On information and belief, Vidal either claims a copyright interest in the Song, or has exercised rights of a copyright owner of the Song, or is a necessary party for the Accounting relief requested herein.

10. Defendant VI Music, Inc. ("VI Music") is, on information and belief, a division of Vidal Investment, Inc., an independent music distribution and promotion

company organized and existing under the laws of the commonwealth of Puerto Rico, with its principal place of business at Calle Ernesto Cerra #623, San Juan, Puerto Rico 00907. On information and belief, VI Music had a role in the release and distribution of the *Barrio Fino* album. On information and belief, VI Music either claims a copyright interest in the Song, or has exercised rights of a copyright owner of the Song, or is a necessary party for the Accounting relief requested herein.

11.    This Court has exclusive jurisdiction under 28 U.S.C. § 1338(a) because this is an action arising under the copyright laws of the United States. This Court has jurisdiction to issue declaratory judgments under 28 U.S.C. §§ 2201-02.

12.    Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400 because the defendants reside or may be found in this District or a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

13.    This Court has personal jurisdiction over each Defendant by virtue of each Defendant's residence in or substantial contacts with the State of New York.

### Creation of the Song

14.    Plaintiff is Jamaican-born musician and performer who composes music and lyrics, particularly in the music genre known as reggae.

15.    Daddy Yankee is a musician and performer who composes music and lyrics, particularly in a genre known as Reggaeton.

16.    During 2003, Defendant Daddy Yankee contacted Plaintiff and asked him to collaborate in the creation of a song that would include a Jamaican sound.

17.    Plaintiff agreed to collaborate in the creation of such a song.

18.     Plaintiff thereafter accompanied Daddy Yankee to a music studio, where he composed and performed portions of the music and lyrics of a song that would eventually come to be known as "Dale Caliente" (the Song).

19.     Plaintiff's musical contributions to the Song are "original works of authorship fixed in a tangible medium of expression" under 17 U.S.C. § 102(a)(2), and are thus independently copyrightable.

20.     The Song is a "joint work" under the Copyright Act of 1976, 17 U.S.C. § 101, et seq., because it is a work prepared by Plaintiff and Daddy Yankee with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole.

21.     At all relevant times, Plaintiff and Daddy Yankee intended to be co-authors of the Song.

22.     At all relevant times, Plaintiff believed that Daddy Yankee would honor their common understanding and intent and treat Plaintiff as a co-author of the Song and a co-owner of the copyrights in the Song.

## Exploitation of the Song

23.     Daddy Yankee and one or more of the other defendants released the Song in 2004, as part of the album Barrio Fino.

24.     In the finished version of the Song that is on the album Barrio Fino, Plaintiff's music and lyrics, along with Plaintiff's singing of that music and lyrics, are an integral part of the Song.

25.     The sales of the album *Barrio Fino* have exceeded 3 million units worldwide, and the Song has been a featured single in the United States and elsewhere in the world.

26.     The liner notes for the album credit Daddy Yankee as the sole author of the Song and merely give Plaintiff credit for providing "background" for the Song.

27.     After *Barrio Fino*, Daddy Yankee released a CD/DVD combination package entitled *Barrio Fino En Directo* that contains live versions of nine songs from the *Barrio Fino* album, including the Song, and also contains live video performances of four songs, including the Song. Once again, this CD/DVD did not give Plaintiff credit as a co-author of the Song.

28.     Daddy Yankee has continued to perform the Song in concerts and elsewhere, and upon information and belief the Song has been licensed for at least one television commercial in Puerto Rico. In all such performances, Plaintiff's music and lyrics, including a recording of Plaintiff singing those music and lyrics, are an integral part of the Song.

## Basis for Declaratory Judgment

29.     Daddy Yankee has never acknowledged Plaintiff as a co-creator of the Song and has never paid Plaintiff any compensation for his contributions to the Song.

30.     Defendants deny that Plaintiff owns any copyright interest in the Song or in its performance.

31.     Accordingly, an actual and justiciable case or controversy exists between Plaintiff and Defendants regarding ownership of the copyright to the Song and Plaintiff's entitlement to an accounting of the profits earned from exploitation of the Song.

**WHEREFORE,** Plaintiff seeks an order from the Court finding and declaring:

(a)      that Plaintiff is a co-owner of the musical composition copyright in the song "Dale Caliente";

(b)      that Plaintiff is a co-owner of the sound recording copyright in all recorded versions of the Song;

(c)      that Defendants are required to account to Plaintiff for all income and profits earned from their exploitation of the song "Dale Caliente," including all performances and derivative works based on it; and

(d)      that Plaintiff is entitled to such other and further relief as the Court deems just and proper.

Dated:      New York, New York
             July 12, 2007

Respectfully submitted,

Bruce Regenstreich, Esq.
Burrell Regenstreich, LLC
67 Wall Street - Twenty-Second Floor
New York, New York 10005
(212) 567-8590