IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD H. GARDNER, p/k/a BLACKA NICE, <br><br> Plaintiff, <br><br> vs. <br><br> RAMON LUIS AYALA-RODRIGUEZ, p/k/a DADDY YANKEE, EL CARTEL RECORDS, INC., LOS CANGRIS PUBLISHING, MACHETE MUSIC, UNIVERSAL MUSIC DISTRIBUTION CORP., UNIVERSAL MUSIC GROUP, VIDAL INVESTMENT, INC., and VI MUSIC, INC. <br><br> Defendants. | Case No. 07-cv-6535-RJS <br><br> **NOTICE OF MOTION FOR SUBSTITUTED SERVICE** <br><br><br> **AFFIDAVIT OF BRUCE REGENSTREICH and MEMORANDUM OF LAW** |

I, Bruce Regenstreich, Esquire, according to law, upon his oath, deposes and says:

1.  I am the attorney for Plaintiff DONALD H. GARDNER, p/k/a BLACKA NICE ("Plaintiff") in this matter.

2.  The Complaint in this matter was filed on July 12, 2007. A copy of same is attached hereto as Exhibit "A". Attempts were made on September 13, 2007, September 14, 2007, September 17, 2007 and September 19, 2007, to personally serve the Summons and Complaint upon Defendant RAMON LUIS AYALA-RODRIGUEZ, p/k/a DADDY YANKEE ("Defendant AYALA") at the address of Calle Yaboa Real 874 Urb. Country Club, San Juan Puerto Rico, 00974. The Affidavit of Service from the process server is attached hereto as Exhibit "B".

3.  According to Defendant AYALA's website, www.daddyyankee.com, Defendant AYALA had been performing on a world tour from August 2007 through the end of December 2007. At the conclusion of Defendant AYALA's world tour, a skip trace was performed by Spartan

Detective Agency, the results of which are attached hereto as Exhibit "C". The skip trace revealed that Defendant AYALA's last known address is 2 Calle Praderas, Bayamon, Puerto Rico, 00961. The Summons and Complaint were forwarded to Guaranteed Subpoena Service on January 2, 2008. As of the date of the filing of this Motion, service has not been completed. My office has been in constant contact with "Fugitive Investigations", process servers in Puerto Rico. The process servers have indicated that the addresses that we received are incomplete insofar as they lack an "organization". It was explained that Puerto Rico is broken up into districts or organizations which are essentially communities within communities. This has caused us great difficulty in obtaining a proper address for Defendant AYALA.

4.  According to daddyyankee.com, Defendant AYALA is the founder and lead producer of "El Cartel Records" in Puerto Rico. Defendant AYALA is also the founder of "Los Cangris Music Group" located in Puerto Rico. As the Court will note, these are the remaining two (2) entities that Plaintiff has been unable to serve. According to the daddyyankee.com website and the Billboard magazine and New York Times articles attached hereto as Exhibit "D", Edwin Prado of the Prado Law firm is Defendant AYALA's attorney and business manager for Defendant AYALA and the related business entities. When you click on the link for Los Cangris Music Group on Daddy Yankee's website, you are directed to e-mail pradolaw@aol.com.

5.  In addition, Defendant AYALA's website lists his publicist as Mayna Nevarez of Nevarez Communications located at 5362 NW 10th Avenue, Doral, Florida, 33178. Likewise, the Nevarez Communications website lists Daddy Yankee as a current client. Ms. Nevarez's relation to Defendant AYALA is also noted in the skip trace report attached hereto as Exhibit "C".

6.  It is respectfully requested that Plaintiff be permitted to effectuate service of the Summons and Complaint upon Edwin Prado, Esq. and/or Mayna Nevarez as the undersigned

believes that Defendant AYALA will be given effective notice of this litigation by serving the Summons and Complaint and all Court Orders on Mr. Prado or Ms. Nevarez. It is certainly likely that Defendant AYALA is already aware of the subject lawsuit as same has been widely reported on the Internet, including venue and docket number. Additionally, my associate, Andrew Hegt, Esquire, has been in contact with various representatives of "Fugitive Investigations" in Puerto Rico. They have conveyed to Mr. Hegt that they are familiar with Edwin Prado, Esq. and have even contacted with regard to the service of the subject Summons and Complaint. Mr. Prado refused service and also refused to provide the process server with any information regarding Defendant AYALA's whereabouts or contact information. See Mr. Hegt's affidavit attached hereto as Exhibit "E".

7.      Additionally, previously dismissed Defendants, Defendant AYALA's record label, Universal Music Group, and Defendant AYALA's distribution company, Universal Music Distribution, were both successfully served. It is certainly likely that these entities have advised Defendant AYALA of the instant matter.

7.      The requests for relief sought herein are pursuant to Federal Rule of Civil Procedure 4(e) and New York CPLR §308(5). Pursuant to F.R.C.P. 4(e)(1), Service upon an individual may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located. Therefore, applying New York CPLR §308(5), service may be effected " in such manner as the Court, upon Motion without notice, directs, if service is impracticable under paragraphs one, two, or four of this section." The statement of facts as contained in the within Affidavit and supporting documentation clearly demonstrate that Defendant cannot be located for personal service, nor can an accurate home or business address be obtained for service at either of those locations.

8. It is respectfully requested that Plaintiff's Motion for Substituted Service be granted, thereby allowing Plaintiff to effectuate service of the Summons and Complaint upon Edwin Prado, Esq. and/or Mayna Nevarez.


BURRELL, REGENSTREICH, LLC

By: s/ Bruce Regenstreich
Bruce Regenstreich
110 Wall Street, 11th Floor
New York, NY 10005
*Attorney for Plaintiff*