UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/7/08

DONALD H. GARDNER,

Plaintiff,

-v-

RAMON AYALA-RODRIGUEZ, *et al.*,

Defendants.

No. 07 Civ. 6535 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

Before the Court is Plaintiff's motion requesting permission to serve defendant Ramon Ayala-Rodriguez ("Defendant") by substituted service pursuant to Fed. R. Civ. P. 4(e) and N.Y. C.P.L.R. § 308. For the reasons that follow, the motion is GRANTED.

Under the Federal Rules of Civil Procedure, service of process may be made "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e). Under New York State law, service may be effected "in such manner as the Court, upon Motion without notice, directs, if service is impracticable under paragraphs one, two, or four of this section." N.Y. C.P.L.R. § 308(5); *see also Tishman v. The Associated Press*, No. 05 Civ. 4278 (GEL), 2006 WL 288369, at *1 (S.D.N.Y. February 6, 2006). "Though the impracticability standard 'is not capable of easy definition, it does not requires the applicant to satisfy the more stringent standard of "due diligence" under [N.Y.] C.P.L.R. § 308(4), or to make a showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken.'" *Tishman*, 2006 WL 288369, at *1 (quoting *State Street Bank and Trust Co. v. Coakley*, 790 N.Y.S. 2d 412, 413 (2d Dep't 2005)).

Here, Plaintiff has made a sufficient showing that he has attempted to serve Defendant, and that service is indeed "impracticable." Additionally, Plaintiff has demonstrated that

Defendant is likely to receive actual notice of this action, if he has not already, by service of the summons and complaint on his attorney, Edwin Prado, Esq. Indeed, in attempting to serve Defendant in Puerto Rico, Plaintiff's investigators apparently have spoken with Mr. Prado, who has refused service and refused to provide the process server with any information regarding Defendant's address or whereabouts. (Regenstreich Aff. at 6; Hegt Aff. at 2.) The Court is less convinced that service upon Mayna Nevarez, Defendant's publicist, alone would be sufficient to give Defendant notice of the action.

Accordingly, Plaintiff's Motion for Substituted Service is GRANTED with respect to Plaintiff's request for permission to effect service on Defendant by serving his attorney, Edwin Prado, Esq., and DENIED with respect to Plaintiff's request to serve Mayna Nevarez alone. Plaintiff shall serve copies of the summons and complaint in this matter, along with a copy of this Order, by hand, upon Edgar Prado, Esq., within 20 days of the date of this Order. The Clerk of the Court is directed to terminate the motion located at Document # 14.

SO ORDERED.

Dated:        March **6**, 2008
              New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

2