UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

DONALD H. GARDNER P/K/A
BLACKA NICE

                                                    07 cv 6535 (RJS)

            Plaintiffs,

v.

RAMON LUIS AYALA-RODRIGUEZ P/K/A
DADDY YANKEE, EL CARTEL RECORDS, INC.,
LOS CANGRIS PUBLISHING, MACHETE MUSIC,
UNIVERSAL MUSIC DISTRIBUTION CORP.,
UNIVERSAL MUSIC GROUP, VIDAL
INVESTMENT, INC. AND VI MUSIC, INC.

            Defendants
----------------------------------------------------------------X

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANTS

Defendants, Ramon Ayala Rodriguez p/k/a "Daddy Yankee", El Cartel Records, Inc. and Los Cangris, Inc. d/b/a Cangris Publishing (collectively "defendants"), by and through their undersigned attorneys, as and for their Answer and Affirmative Defenses to the Complaint of plaintiff Donald H. Gardner, p/k/a Blacka Nice's ("plaintiff," or "Gardner"), respond as follows:

    1.    Deny the allegations in paragraph 1 of the Complaint, except admit that plaintiff purports to bring an action for declaratory judgment.

1

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Admit the allegations in paragraph 3 of the Complaint.

4. Deny the allegations in paragraph 4 of the Complaint, except admits that El Cartel Records, Inc. is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico with its principal place of business located at Calle Yabon Real #874 Urb. Country Club, San Juan Puerto Rico 00924.

5. Deny the allegations in paragraph 5 of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Deny the allegations in paragraph 11 of the Complaint, except admit that plaintiff purports to bring this action under the United States Copyright Act and further state that Paragraph 11 contains conclusions of law to which no response is required.

12. Deny the allegations in paragraph 12 of the Complaint, and further state that Paragraph 12 contains conclusions of law to which no response is required.

13. Deny the allegations in paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Deny the allegations in paragraph 15 of the Complaint, except admits that among other things, defendant Daddy Yankee is a writer, musician and performer.

16. Deny the allegations in paragraph 16 of the Complaint and aver that Daddy Yankee agreed to permit plaintiff to record vocal "ad libs" know in the industry as "shout outs" (hereinafter collectively referred to as "Vocal Ad Libs") with respect to a song, which was already completed, entitled "Dale Caliente" in exchange for an agreed finite compensation payable to plaintiff upon completion of the Vocal Ad Libs.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and aver that Daddy Yankee agreed to permit plaintiff to record his Vocal Ad Libs with respect to a song, which was already completed, entitled "Dale Caliente" in exchange for agreed finite compensation payable to plaintiff upon completion of said Vocal Ad Libs.

18. Deny the allegations in paragraph 18 of the Complaint, except admits that Daddy Yankee did permit the recording of plaintiff's Vocal Ad Libs with respect to song, which was already completed, entitled "Dale Caliente", and avers that plaintiff was paid in full for said Vocal Ad Libs, upon terms and conditions, including an amount and credit, agreed upon prior to plaintiff commencing said recording.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 19 of the Complaint that plaintiff's musical contributions

are original works of authorship, and further state that Paragraph 19 contains conclusions of law to which no response is required.

20. Deny the allegations in Paragraph 20 of the Complaint, except admit that plaintiff purports that a certain song is a "joint work" under the Copyright Act of 1976, and furthers state that Paragraph 20 contains conclusions of law to which no response is required.

21. Deny the allegations in paragraph 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. Deny the allegations in paragraph 23 of the Complaint but admit that a master recording of a song entitled "Dale Caliente" is embodied on the album entitled *Barrio Fino*.

24. Deny the allegations in paragraph 24 of the Complaint except admit that a master recording of a song entitled "Dale Caliente" is embodied on the album entitled *Barrio Fino*.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and deny the allegation that "the Song" as defined in the Complaint has been a featured single.

26. Admit the allegations in paragraph 26 of the Complaint and aver that plaintiff has been given proper credit as a background singer as agreed prior to recording of the Vocal Ad Libs.

27. Admit the allegations in paragraph 27 of the Complaint.

28. Deny the allegations in paragraph 28 of the Complaint, except admits that Daddy Yankee performs a song entitled "Dale Caliente".

29. Deny the allegations in paragraph 29 of the Complaint and aver that plaintiff was timely paid and compensated for his Vocal Ad Libs related to a recording of a song, which was already completed, entitled "Dale Caliente", and plaintiff knowingly accepted said payment with the express understanding that such payment was the entirety of the compensation plaintiff would receive with respect to the Vocal Ad Libs.

30. Admit the allegations in paragraph 30 of the Complaint.

31. Deny the allegations in paragraph 31 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

32. The Complaint, in whole or in part, fails to state facts constituting a cause of action or a claim upon which a declaratory judgment or other relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel and waiver.

### THIRD AFFIRMATIVE DEFENSE

34. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE AND COUNTERCLAIM

37. Defendants repeat and reallege all of the allegations set forth in paragraphs 1 – 36 as if fully restated hereat.

38. Defendants never agreed to grant plaintiff any copyright ownership in any song entitled Dale Caliente or any recording embodying the same.

39. Plaintiff's contention that Plaintiff is entitled to any share of the copyright entitled Dale Caliente or any recording embodying the same, is in breach of the parties' express agreement with respect to compensation, credit and ownership of the copyright with respect to the same.

40. By reason of the foregoing, Defendants are entitled to a declaratory judgment that Plaintiff is not a joint owner of the composition or master recording titled Dale Caliente, together with damages to be determined at trial.

WHEREFORE, defendants respectfully request an order and judgment:

1. That Plaintiff:
    a. is not a co-owner of the composition titled Dale Caliente;
    b. Is not a co-owner of the recording titled Dale Caliente; and
    c. Is not entitled to an accounting.
2. Dismissing the Complaint in its entirety; and
3. Granting such monetary damages and such other relief as this Court may deem just and proper.


Dated: April 21, 2008
New York, New York

        Law Office of
        Jonathan Pollack

        *[signature]*

        Jonathan Pollack (JP 9043)
        240 Madison Avenue
        8th Floor
        New York, NY 10016
        (212) 889-0761

        *Attorneys for Ramon Ayala,*
        *El Cartel Records, Inc. and Los Cangris Publishing,*
        *Inc. d/b/a Los Cangris Publishing.*

INDEX No.: 07 cv 6535 (RJS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

DONALD H. GARDNER P/K/A :
BLACKA NICE
        :
         Plaintiffs,
        :
  v.
        :
RAMON LUIS AYALA-RODRIGUEZ P/K/A
DADDY YANKEE, EL CARTEL RECORDS, INC., :
LOS CANGRIS PUBLISHING, MACHETE MUSIC,
UNIVERSAL MUSIC DISTRIBUTION CORP., :
UNIVERSAL MUSIC GROUP, VIDAL
INVESTMENT, INC. AND VI MUSIC, INC. :

         Defendants
---------------------------------------------------------------X


## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANTS


Law Offices of
Jonathan S. Pollack
240 Madison Avenue
8th Floor
New York, NY 10016
(212) 889-0761

*Attorneys for
Plaintiffs Ramon Ayala,
El Cartel records, Inc. and
Los Cangris Publsihing, Inc. dba Cangris Publishing*