UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

DONALD H. GARDNER P/K/A
BLACKA NICE

                                                        07 cv 6535 (RJS)

        Plaintiffs,

                                                        DEFENDANTS' FIRST
                                                        REQUEST FOR
                                                        PRODUCTION OF
                                                        DOCUMENTS and
                                                        THINGS

RAMON LUIS AYALA-RODRIGUEZ P/K/A
DADDY YANKEE, EL CARTEL RECORDS, INC.,
LOS CANGRIS PUBLISHING, MACHETE MUSIC,
UNIVERSAL MUSIC DISTRIBUTION CORP.,
UNIVERSAL MUSIC GROUP, VIDAL
INVESTMENT, INC. AND VI MUSIC, INC.

        Defendants
---------------------------------------------------------------X

       Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the applicable Local Civil Rules of the Southern District of New York, Defendants, Ramon Luis Ayala Rodriguez, El Cartel Records, Inc. and Los Cangris Publishing, hereby request that Plaintiff Donald Gardner respond to these requests, and produce at the offices of Jonathan Pollack, Attorney at Law, 240 Madison Avenue, New York, NY 10016 for purposes of inspection and copying, the following documents, on or by July 7, 2008.

## DEFINITIONS

    A.    Plaintiffs hereby incorporate by reference the definitions, rules of construction and instructions set forth in Local Civil Rule 26.3 of the Southern District of New York.

1

B. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), recorded or unrecorded, whether written or oral, or in any other form.

C. The term "Complaint" means the Complaint filed by plaintiffs in this case.

D. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

E. The term "document" has the meaning applied to that term in its broadest sense under Rule 34 of the Federal Rules of Civil Procedure, and also includes, without limitation, any written, recorded or tangible graphic matter, or any other means of preserving thought, expression or communication, including all non-identical copies, drafts, worksheets, transcripts and proofs, whether handwritten, typed, printed or otherwise created, including telephone slips and logs, diaries, diary entries, calendars, pocket or notebook computer calendars, reports, correspondence, memoranda, interoffice and intraoffice office memoranda, notes, notations, video tapes, video cartridges or cassettes, audio tapes, audio cartridges or cassettes, electronic recordings of any kind, photographs, voicemail, electronic data, e-mail or electronic mail messages or other exchanges of information between computers, computer tapes, computer diskettes or disks, computer printouts, computer databases, computerized back-up tapes and all information stored in electronic form in your possession, custody or control. A draft or non-identical copy is a separate document within the meaning of this term.

F. The term "plaintiff," "you," and "your" means Donald Gardner, his agents, representatives, consultants, attorneys, or other persons acting under his control or on his behalf.

G. The term "defendants" means Ramon Ayala, El Cartel Records, Inc., and Los Cangris Publishing and/or their officers, directors, employees, agents, representatives,

consultants, attorneys, or other persons acting under their control or on their behalf and includes, without limitation, any predecessor, successor, affiliate, subsidiary or parent corporation.

      H.    The term "person" means any natural person, corporation, partnership, proprietorship, group, association, organization, business entity, governmental body, agency, and any agent of the foregoing.

      I.    The singular includes the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; the past tense includes the present tense and vice versa; and the term "including" means including, but not limited to.

      J.    The term "Answer" shall mean the Answer and Counterclaim served on plaintiffs by defendants in response to plaintiff's Complaint.

      K.    The term "Composition" shall refer to the composition called "Dale Caliente" written by Ramon Ayala professionally known as "Daddy Yankee" ("Yankee") and owned and published by defendant Cangris Publishing.

      L.    The term "Master" shall refer to the sound recording embodying the Composition recorded and performed by Yankee and owned by defendant El Cartel Records, Inc.

      M.    The term "Levy" refers to that certain individual known to both plaintiff and defendants and a witness to the understanding reached between plaintiff and defendant with respect to the Master and Composition.

      N.    The Term "Mr. Prado" refers to Edwin Prado.

      O.    The term "Barrio Fino" refers to the record album by the same name" commercially released by defendant El cartel Records, Inc. and which embodies the Master.

## GENERAL INSTRUCTIONS

A.   Each paragraph of this request calls for the production of each responsive document that is in your possession, custody or control, including without limitation, each document in the possession, custody or control of your employees, agents, representatives, attorneys, and any other person acting on your behalf.

B. If any document requested herein is no longer in your possession, custody or control because of destruction, loss or any other reason, then with respect to each such document state: (i) the nature or type of document (*e.g.*, letter, e-mail, memorandum), (ii) the date of the document, (iii) the name, and position or title, of each author, (iv) the name, and position or title, of each recipient and other person to whom a copy or copies were furnished, (v) in as much detail as possible, the contents of the document, and (vi) the manner and date of disposition of the document.

C. If you withhold under a claim of privilege (including attorney work-product) any document requested herein, furnish a privilege log specifying (i) the nature of the privilege claimed and, if the privilege is being asserted in connection with a claim or defense governed by federal or state law or any other rule, the privilege rule being invoked, (ii) the general subject matter of the document, (iii) the nature or type of document (*e.g.*, letter, e-mail, memorandum), (iv) the date of the document, (v) the name and job title of each author, (vi) the name and job title of each recipient and person to whom a copy or copies were furnished, and (vii) the paragraph of this request to which each such document is responsive.

D. If you object to any part of any discovery request, state with particularity both the grounds and the reasons for your objection, and respond to all parts of the request to which your objection does not apply.

E. You are required to supplement your responses to these requests in accordance with Federal Rule of Civil Procedure 26(e).

## DOCUMENT REQUESTS

1. All documents identifying plaintiff's alleged contribution to the Master.

2. All documents identifying plaintiff's alleged contribution to the Composition.

3. All document related to the plaintiff's copyright filings concerning the Master.

4. All documents related to plaintiff's copyright filings concerning the Composition.

5. All documents which purport to grant the plaintiff ownership in the Master.

6. All documents which purport to grant the plaintiff ownership in the Composition.

7. All documents concerning the allegations set forth in paragraph 19 of the Complaint.

8. All documents concerning the allegations set forth in paragraph 17 of the Complaint.

9. All documents concerning the allegations set forth in paragraph 18 of the Complaint.

10. All documents concerning the allegations set forth in paragraph 19 of the Complaint.

11. All documents concerning the allegations set forth in paragraph 20 of the Complaint.

12. All documents concerning the allegations set forth in paragraph 21 of the Complaint.

13. All documents related to plaintiff's alleged intent to co-author the Master.

14. All documents related to Yankee's alleged intent to c-author the Master.

15. All documents related to plaintiff's alleged intent to co-author the Composition.

16. All documents related to Yankee's alleged intent to co-author the Composition.

17. All documents concerning the allegations set forth in paragraph 22 of the Complaint.

18. All documents concerning the allegations set forth in paragraph 24 of the Complaint.

19. All documents concerning the allegations set forth in paragraph 25 of the Complaint.

20. All documents concerning the allegations set forth in paragraph 28 of the Complaint.

21. All documents concerning the allegations set forth in paragraph 29 of the Complaint.

22. All documents concerning the allegations set forth in paragraph 31 of the Complaint.

23. All documents which identify terms of compensation to plaintiff concerning plaintiff's performance on the Master.

24. All documents which identify terms of compensation to plaintiff concerning plaintiff's alleged contribution to the Composition.

25. All documents which identify terms of granting credit to plaintiff concerning plaintiff's performance on the Master.

26. All documents which identify terms of granting credit to plaintiff concerning plaintiff's alleged contribution to the Composition.

27. All documents evidencing any communication between defendants or defendants' representation and plaintiff or plaintiff's representation.

28. All documents concerning any communication concerning the Master.

29. All documents concerning any communication concerning the Composition.

30. . All documents concerning any communication between plaintiff and Levy

31. All documents concerning any communication between defendants and Levy.

32. All documents concerning any communication between plaintiff and Prado.

33. All documents concerning any communication between defendants and Prado.

Dated: New York, NY
June 15, 2008

Law Offices of
Jonathan S. Pollack

By: /s/ Jonathan Pollack

Jonathan Pollack (JP-9043)
240 Madison Avenue
8th Floor
New York, NY 10016
(212) 889-0761
*Attorneys for Defendants
Ramon Ayala; El Cartel
Records, Inc. and
Los Cangris, Publishing*

To: **By email**
Bruce Regenstreich
Burrell and Regensreich
bregenstreich@brbllc.com
67 Wall Street 22nd Floor
New York, NY 10005
*Attorneys for Plaintiff
Donald Gardner*

Dated: New York, NY
June 15, 2008

Law Offices of
Jonathan S. Pollack

By: /s/ Jonathan Pollack

Jonathan Pollack (JP-9043)
240 Madison Avenue
8th Floor
New York, NY 10016
(212) 889-0761
*Attorneys for Defendants
Ramon Ayala; El Cartel
Records, Inc. and
Los Cangris, Publishing*

To: **By email**
Bruce Regenstreich
Burrell and Regensreich
bregenstreich@brbllc.com
67 Wall Street 22nd Floor
New York, NY 10005
*Attorneys for Plaintiff
Donald Gardner*