UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

DONALD H. GARDNER P/K/A
BLACKA NICE

                                 07 cv 6535 (RJS)

            Plaintiffs,

   v.

                                 DEFENDANTS'
                                 FIRST SET OF
RAMON LUIS AYALA-RODRIGUEZ P/K/A           INTERROGATORIES
DADDY YANKEE, EL CARTEL RECORDS, INC.,
LOS CANGRIS PUBLISHING, MACHETE MUSIC,
UNIVERSAL MUSIC DISTRIBUTION CORP.,
UNIVERSAL MUSIC GROUP, VIDAL
INVESTMENT, INC. AND VI MUSIC, INC.

           Defendants.
------------------------------------------------------------X

      Pursuant to Fed.R.Civ.P. Rule 33, defendants Ramon Luis Ayala Rodriguez, El Cartel Records, Inc. and Los Cangris Publishing, by and through their attorney, Jonathan Pollack, Attorney at Law, hereby propound the following interrogatories upon plaintiff, Donald Gardner, to be answered separately, fully, in writing and under oath within thirty (30) days after service hereof.

      In answering these interrogatories you are to furnish all information available to you, including information in the possession of your attorneys, and not merely such information known to the personal knowledge of defendants. If you refer to a document, memorandum, paper, letter or written or printed material of any kind for the purpose of answering any interrogatory, identify such document as defined herein.

If, after these interrogatories are answered for the first time, you obtain any information from which you either know that an answer was incorrect when made or that an answer, though correct when made, is no longer true or complete, you must amend and/or supplement your previous answer to these interrogatories as required by Fed.R.Civ.P. Rule 26(e).

## DEFINITIONS AND INSTRUCTIONS

1. You are to answer each interrogatory separately and fully unless it is objected to, in which case the reason(s) for the objection should be stated. The answers are to be signed by you and the objections, if any, are to be signed by the attorney making them.

2. *Communication.* The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3. *Document.* The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or nonidentical copy is a separate document within the meaning of the term.

4. *Identify (with respect to persons).* When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

5. *Identify (with respect to documents).* When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

6. *Parties.* The terms "plaintiff" and "defendant" as well as a party's full or abbreviate name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

3

This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

7. *Person.* The term "person" is defined as any natural person or any business, legal or governmental entity or association.

8. *Concerning.* The term "concerning" means relating to, referring to, describing, evidencing or constituting.

9. *All/Each.* The terms "all" and "each" shall be construed as all and each.

10. *And/Or.* The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of its scope.

11. *Number.* The use of the singular form of any word includes the plural and vice versa.

12. *Parties.* The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

13. *Complaint.* The term "Complaint" shall mean the Complaint served on defendants by plaintiff.

14. *Answer.* The term "Answer" shall mean the Answer, Affirmative Defenses and Counterclaim served on plaintiff by defendants in response to plaintiff's Complaint.

15. *Composition.* The term "Composition" shall mean the composition titled "Dale Caliente."

16. *Master.* The term "Master" shall refer to the sound recording embodying the Composition.

17. *Levy.* The term "Levy" refers to that certain individual known only as Levy.

18. *Prado.* The term "Prado" refers to Edwin Prado.

## INTERROGATORIES

1. State and identify the services you allegedly provided to defendants in respect to the Composition.

2. State and identify the services you allegedly provided defendants in respect to the Masters.

3. State and identify any documents you or defendants signed in relation to the services you provided with respect to the Composition.

4. State and identify any documents you or defendants signed in relation to the services you provided with respect to the Master.

5. State and identify any documents having any relation to the services you provided with respect to the Master.

6. State and identify any documents having any relation to the services you provided with respect to the Composition.

7. State and identify the terms of the oral agreement you reached with defendants, including but not limited to, compensation, if any, in respect to the Composition.

8. State and identify the terms of the oral agreement you reached with defendants, if any, including but not limited to, compensation, if any, with respect to the Master.

9. State and identify the person or persons with whom you negotiated any agreement, oral or written, if any, with respect to the Composition.

10. State and identify the person or persons with whom you negotiated any agreement if any, with respect to the Master.

11. State and identify your relation with Levy.

12. State and identify your knowledge as to the whereabouts of Levy.

13. State and identify the role Levy played, if any, in the negotiation of any alleged agreement with respect to the Composition.

14. State and identify the role Levy played, if any, in the negotiation of any alleged agreement with respect to the Master.

15. State and identify your relation with Prado.

16. State and identify the role Prado played, if any, in the negotiation of any alleged agreement with respect to the Composition.

17. State and identify the role Prado played, if any, in the negotiation of any alleged agreement with respect to the Master.

18. State and identify any consideration you received for your contribution to the Composition

19. State and identify any consideration you received for your contribution to the Master

20. State the factual circumstances surrounding your being contacted by defendant as alleged in paragraph 16 of the Complaint.

21. State the terms of your agreement to collaborate with defendants as alleged in Paragraph 17 of the Complaint.

22. State the factual circumstances surrounding your allegations set forth in paragraph 18 of the Complaint.

23. State the factual circumstances surrounding your allegations set forth in paragraph 20 of the Complaint.

24. State the factual basis surrounding your allegations set forth in paragraph 21 of the Complaint.

25. State and identify any documents forming the basis for the allegations set forth in paragraph 21 of the Complaint.

26. State the factual basis surrounding your allegations set forth in paragraph 22 of the Complaint.

27. State and identify any documents forming the basis for the allegations set forth in paragraph 22 of the Complaint.

28. State the factual basis surrounding your allegations set forth in paragraph 24 of the Complaint.

29. State and identify any documents forming the basis for the allegations set forth in paragraph 24 of the Complaint.

30. State the factual basis surrounding your allegations set forth in paragraph 25 of the Complaint.

31. State and identify any documents forming the basis for the allegations set forth in paragraph 25 of the Complaint.

32. State the factual basis surrounding your allegations set forth in paragraph 28 of the Complaint.

33. State and identify any documents forming the basis for the allegations set forth in paragraph 28 of the Complaint.

34. State the factual basis surrounding your allegations set forth in paragraph 29 of the Complaint.

35. State and identify any documents forming the basis for the allegations set forth in paragraph 29 of the Complaint.

36. State the factual basis surrounding your allegations set forth in paragraph 30 of the Complaint.

37. State and identify any documents forming the basis for the allegations set forth in paragraph 30 of the Complaint.

Dated: New York, NY
June 17, 2008

                                                               Law Offices of
                                                               Jonathan S. Pollack

                                                                By: _____
                                                                Jonathan Pollack (JP-9043)
                                                                240 Madison Avenue
                                                                8th Floor
                                                                New York, NY 10016
                                                                (212) 889-0761
                                                                *Attorneys for Defendants*
                                                                *Ramon Ayala, El Cartel Records,*
                                                                *Inc. and Los Cangris Publishing*

To:    **<u>By E-Mail</u>**
        Eric Kayira, Esq.
        Bruce Regenstreich, Esq.
        Regenstreich and Burrell
        67 Wall Street, 22nd Floor
        New York, NY 10005
        *Attorneys for Plaintiff*
        *Donald Gardner*