IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD H. GARDNER, p/k/a<br>BLACKA NICE,<br><br>   Plaintiff,<br><br>vs.<br><br>RAMON LUIS AYALA-RODRIGUEZ,<br>p/k/a DADDY YANKEE, EL CARTEL<br>RECORDS, INC., LOS CANGRIS<br>PUBLISHING, MACHETE MUSIC,<br>UNIVERSAL MUSIC DISTRIBUTION<br>CORP., UNIVERSAL MUSIC GROUP,<br>VIDAL INVESTMENT, INC., and<br>VI MUSIC, INC.<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Cause No. 07-cv-6535-RJS |

**PLAINTIFF DONALD GARDNER'S FIRST SET OF INTERROGATORIES
DIRECTED TO EL CARTEL RECORDS, INC.**

  Pursuant to Rule 33, Federal Rules of Civil Procedure, Plaintiff Donald Gardner requests that Defendant El Cartel Records, Inc. ("Defendant") answer the following interrogatories separately and fully in writing under oath within 30 days after service hereof.  If information sought by these interrogatories is obtained after Defendant has provided its answers, Defendant is hereby requested to update its answers.

  Defendant's responses to these interrogatories should include all information within its possession, custody or control, including, but not limited to, knowledge within the possession, custody or control of any business affiliate, predecessor in interest, consultant, accountant, attorney, or other agent of Defendant. Where facts set forth in answers or portions thereof are supplied upon information and belief, rather than upon actual knowledge, Defendant should state, in detail, its efforts to obtain such knowledge.

In accordance with the Federal Rules of Civil Procedure, the following shall apply to these interrogatories:

**INSTRUCTIONS**

1.  When answering these interrogatories, please provide the text of each interrogatory immediately before the answer to that interrogatory.

2.  In answering these interrogatories, you are required to furnish all of the information known by or available to you or subject to your reasonable inquiry, including information in the possession of your attorneys, accountants, advisors or any other person directly or indirectly employed by or connected with you, and anyone else otherwise subject to your control.

3.  In answering these interrogatories, you must make a diligent search of your records and of all of the other papers and materials in your possession or available to you or to your representatives.

4.  Answer each interrogatory separately and fully in writing under oath, unless you object to it. In that event, state the reasons for the objection in lieu of an answer. If you object to an interrogatory as calling for information beyond the scope of discovery, you nevertheless must answer the interrogatory to the extent that it is not objectionable. If any interrogatory or any portion of an interrogatory is objected to on the ground that it requests information that is privileged or falls within the work-product doctrine, provide the following information, except as it may call for the precise information you object to disclosing:

    (a)  state the nature of the privilege or doctrine you claim protects the information requested;

    (b)  if a document is involved:

        (i)  identify it;

        (ii)  state the type of document (e.g., letter, memorandum, report);

    (iii) state its present location and the name of the custodian;

    (iv) provide a brief summary of its contents;

    (v) state the name and address of the person(s) who drafted, prepared and signed it; and

    (vi) identify all persons known to you who have seen the document.

  (c) if an oral communication is involved:

    (i) identify it; and

    (ii) identify all persons known to you to whom the substance of the oral communication has been disclosed; and

  (d) state any other facts you rely on to establish that the privilege has been properly claimed.

5. If you cannot answer any interrogatory in full, answer to the fullest extent possible, specify the reason for your inability to answer the rest of the question, and state whatever information or knowledge you have concerning the unanswered portion.

6. You are under a continuing duty under Rule 26(e), FRCP, to supplement your answer to any interrogatory requesting the identity of any persons having knowledge of discoverable matters and the identity and location of each person to be called as an expert witness at trial.

7. The answers to these interrogatories must be signed by the person making them, and any objections must be signed by the attorney making them.

## **DEFINITIONS**

8. "You," "your," "yourself," "Defendant" and "El Cartel, Inc." mean and include El Cartel, Inc., its agents, employees, counsel, and any other person who has acted, or is acting, for or on its behalf.

9. The term "Donald Gardner" shall mean Plaintiff Donald Gardner.

10. The term "Song" shall mean the song entitled "Dale Caliente" that is listed as a track on the Raymon Luis Ayala-Rodriguez p/k/a "Daddy Yankee" album entitled *Barrio Fino*.

11. The term "Albums" shall mean any album containing the Song, including but not limited to the Raymon Luis Ayala-Rodriguez albums entitled *Barrio Fino* and *Barrio Fino En Directo (a CD/DVD release)*.

12. When asked to "identify" or to specify the "identity" of a document, for each non-identical document specify: (1) the document's date, (2) the number of pages in the document, (3) the identity of all persons who prepared or signed a copy of the document, (4) the identity of all persons designated as addressees of the document, (5) the identity of all persons designated as copy recipients of any copy of the document, (6) the type of document (e.g., memorandum, pamphlet, or report) and (7) the general subject matter of the document.

13. The terms "refer" and "relate" shall be construed in the broadest sense to mean information that: (1) contains or comprises any communication (including representations, requests, demands, and the like) referred to in these requests, or information that (2) discusses, mentions or refers, whether directly or indirectly, to the subject matter of the request.

14. The singular includes the plural and vice versa; the words "and" and "or" shall be interpreted in either the conjunctive or disjunctive sense to bring within the scope of the request the broadest number of documents and greatest amount of information.

## INTERROGATORIES

1. Set forth the name and address of each and every person or entity that you believe holds an ownership interest in the Song (including the sound recording and the underlying musical composition of the Song), and for each person or entity set forth:

    (a) the nature of the interest;

    (b) the percentage of such ownership;

    (c) the identity of all documents evidencing, commenting upon or related to the subject matter of this interrogatory; and

    (d) the identity of the person or persons most knowledgeable as to the subject matter of this interrogatory and, for each person so identified, the nature of his or her knowledge.

**ANSWER:**




2. Set forth the name and address of each and every person or entity that you believe holds an ownership interest in the Albums, and for each person or entity set forth:

    (a) the nature of the interest;

    (b) the percentage of such ownership;

    (c) the identity of all documents evidencing, commenting upon or related to the subject matter of this interrogatory; and

    (d) the identity of the person or persons most knowledgeable as to the subject matter of this interrogatory and, for each person so identified, the nature of his or her knowledge.

**ANSWER:**

3. Identify what rights, if any, Defendant is claiming to the Song or the Albums, including the performance rights in same.

**ANSWER:**

4. Identify any agreement(s), assignment(s), license(s) or other written instrument(s) relating in any way to any right in the Song or the Albums, setting forth as to each such agreement, assignment, license or other written instrument:

    (a)    the date;

    (b)    the date and substance of each and every amendment;

    (c)    the name and address of each signatory;

    (d)    the full terms (or the substance thereof) as originally made and, if applicable, as amended;

    (e)    if written, set forth a full and complete copy;

    (f)    if oral, set forth a full and complete copy of each writing to which reference is made to said agreement(s);

    (g)    the identity of all documents evidencing, commenting upon or related to the subject matter of this interrogatory; and

    (h)    the identity of the person or persons most knowledgeable as to the subject matter of this interrogatory and, for each person so identified, the nature of his or her knowledge.

**ANSWER:**

5. Identify all documents and things relating to the creation of the Song and/or the Albums, including all recordings related to the Song.

**ANSWER:**

6. Identify every filing in the Copyright Office of the United States made by Defendant or by someone on its behalf that concerns, in whole or in part, the Song, and for each such filing:

    (a)    identify all documents evidencing, commenting upon or related to the subject matter of this interrogatory; and

    (b)    identify the person or persons most knowledgeable as to the subject matter of this interrogatory and, for each person so identified, the nature of his or her knowledge.

**ANSWER:**

7. With respect to each of the persons identified or described below, state whether Defendant has ever sent to or received from any of them or their representatives any communication (other than the summons and complaint in this case) concerning the ownership of any rights in the Song:

    (a)    Donald Gardner;

    (b)    any other person or entity claiming ownership of any portion of the Song, identifying such person or entity by name and address; and

    (c)    any other person claiming to have written the Song, identifying such person by name and address.

**ANSWER:**

8. Unless the response to each and every separate part of Interrogatory No. 7 is an unqualified negative, set forth with respect to each communication to or from each person or entity named, the following:

    (a)      its date;

    (b)      its author;

    (c)      a summary of its subject matter;

    (d)      if in writing, set forth a full and complete copy.

    (e)      the identity of all documents evidencing, commenting upon or related to the subject matter of this interrogatory; and

    (f)      the identity of the person or persons most knowledgeable as to the subject matter of this interrogatory and, for each person so identified, the nature of his or her knowledge.

**ANSWER:**

9. Has Defendant engaged in any form of promotion, marketing or advertising ("Promotion") of the Song and/or the Albums, and if so, briefly describe each Promotion, setting forth, by way of example but not by way of limitation, the following:

    (a)      the date of Promotion or the inclusive dates of each Promotion;

    (b)      a description of each Promotion;

    (c)      the identity of all documents evidencing, commenting upon or related to the subject matter of this interrogatory; and

    (d)      the identity of the person or persons most knowledgeable as to the subject matter of this interrogatory and, for each person so identified, the nature of his or her knowledge.

**ANSWER:**

10. State whether Defendant received any form of payment from any person, corporation or other form of business entity by virtue of any form of exploitation of the Song or Albums, and if so, set forth the following:

    (a) as of the date of certifying these answers to interrogatories, the total amount of all payments of any type or kind (setting forth unreduced gross receipts) from any source received by Defendant from any person, party, corporate or other form of business entity related to or derived from the exploitation of the Song;

    (b) monthly, quarterly, every six (6) months, or annually, however Defendant totals its receipts with respect to the exploitation of the Song, update this answer by showing the cumulative total receipts from said exploitation;

    (c) the identity of all documents evidencing, commenting upon or related to the subject matter of this interrogatory;

    (d) the identity of the person or persons most knowledgeable as to the subject matter of this interrogatory and, for each person so identified, the nature of his or her knowledge; and

    (e) no later than twenty (20) days prior to the trial date scheduled in this matter, or any adjourned date thereof, set forth the cumulative receipts representing the total of all payments received by Defendant from any source for any form of exploitation of the Song or Albums.

**ANSWER:**



11. Identify each means of exploitation of the Song employed by Defendant (for example, but not by way of limitation, domestic distribution, distribution in foreign countries, distribution in video formats, soundtrack recordings, radio play, performance of the Song in advertisements, television shows, commercials, movies and videos, the Song embodied in a ring tone, etc.), and for each such type of exploitation:

    (a) identify each party with whom Defendant has contracted, either directly or indirectly, to participate with, for or in lieu of Defendant in said distribution;

    (b) the date, nature and all signatories to each and every contract concerning the Song in which Defendant is a direct or known indirect beneficiary

    (c)    the identity of all documents evidencing, commenting upon or related to that exploitation; and

    (d)    the identity of the person or persons most knowledgeable as to that exploitation and, for each person so identified, the nature of his or her knowledge.

**ANSWER:**

12.    Identify all royalties and other payments of any type or kind paid out by Defendant to or for any person or entity claiming any creation, performance, production, contractual or ownership rights to the Song, setting forth for each such payment:

    (a)    the date of each such payment (or setting forth that no such payments were made);

    (b)    the name and address of the payor;

    (c)    the name and address of the payee;

    (d)    the amount of each such payment;

    (e)    the date payment was received or recorded as received in the accounting records of Defendant.

    (f)    the identity of all documents evidencing, commenting upon or related to the subject matter of this interrogatory; and

    (g)    the identity of the person or persons most knowledgeable as to the subject matter of this interrogatory and, for each person so identified, the nature of his or her knowledge.

**ANSWER:**

13.    Identify by date and by name and address of the individual(s) receiving royalties, all written royalty statements or other payment statements provided to or for any person or entity claiming any creation, performance, production, contractual or ownership rights to the Song.

**ANSWER:**

14.  State whether Defendant claims that it has custody or control of any tape recording, computerized or other electronic recording, videotape, film or other electronic or mechanical means of recordation which contains factual information related to the creation of the Song, and if so, set forth:

    (a)    the nature of each item held;

    (b)    the date said item was created;

    (c)    the name and address of the person in whose custody or control said item may be found;

    (d)    a summary of the content of each such item; and

    (e)    the name and address of each person whose voice and/or image is contained upon any videotape, film or audio tape responsive to this interrogatory.

    (f)    the identity of all documents evidencing, commenting upon or related to the subject matter of this interrogatory; and

    (g)    the identity of the person or persons most knowledgeable as to the subject matter of this interrogatory and, for each person so identified, the nature of his or her knowledge.

**ANSWER:**

15.  Identify all songs, albums, compilations and videos that Defendant has been involved in producing from 2003 to the present, setting forth as to each:

    (a)    the date(s) of your involvement;

    (b)    revenues received from your involvement;

    (c)    producer credit given to date;

    (d)    the identity of all documents evidencing, commenting upon or related to the subject matter of this interrogatory; and

    (e)    the identity of the person or persons most knowledgeable as to the subject matter of this interrogatory and, for each person so identified, the nature of his or her knowledge.

**ANSWER:**

16. Identify every assignment, producer agreement, side-artist or work-for-hire agreement to which you have been a party or that any artist that you have worked with has been a party, stating for each:

    (a)    the date;

    (b)    the date and substance of each and every amendment;

    (c)    the name and address of each signatory;

    (d)    the full terms (or the substance thereof) as originally made and, if applicable, as amended;

    (e)    if written, set forth a full and complete copy;

    (f)    if oral, set forth a full and complete copy of each writing to which reference is made to said agreement(s);

    (g)    the identity of all documents evidencing, commenting upon or related to the subject matter of this interrogatory; and

    (h)    the identity of the person or persons most knowledgeable as to the subject matter of this interrogatory and, for each person so identified, the nature of his or her knowledge.

**ANSWER:**

    Respectfully submitted,

    Burrell & Regenstreich, LLC

    By: *[signature]*
    Bruce Regenstreich, Esq.
    Bar No.: 2046
    67 Wall Street - 22nd Floor
    New York, New York 10005
    Telephone: 212-567-8590
    Fax: 212-567-2630

AND

    KAYIRA, LLP

    By:_____
    Eric Kayira
    Bar No.:
    1001 Craig Road, Suite 330
    Saint Louis, Missouri 63146
    Telephone: 314-872-2141
    Fax: 314-872-2140

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served via electronic mail and first class United States mail, postage prepaid, this 28th day of July, 2008 to:

Jonathan S. Pollack
Attorney at Law
240 Madison Avenue
8th Floor
New York, NY 10016
JSPLegal2000@aol.com

*Attorney for Defendants:* Ramon Ayala-Rodriguez, El Cartel Records, Inc., and Los Cangris Publishing

_____

Bruce Regenstreich
*Attorney for Plaintiff*