IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD H. GARDNER, p/k/a<br>BLACKA NICE,<br><br>    Plaintiff,<br><br>vs.<br><br>RAMON LUIS AYALA-RODRIGUEZ,<br>p/k/a DADDY YANKEE, EL CARTEL<br>RECORDS, INC., LOS CANGRIS<br>PUBLISHING, MACHETE MUSIC,<br>UNIVERSAL MUSIC DISTRIBUTION<br>CORP., UNIVERSAL MUSIC GROUP,<br>VIDAL INVESTMENT, INC., and<br>VI MUSIC, INC.<br><br>    Defendants. | Cause No. 07-cv-6535-RJS<br><br>**PLAINTIFF'S RESPONSE TO**<br>**DEFENDANTS' FIRST REQUEST**<br>**FOR PRODUCTION OF**<br>**DOCUMENTS AND THINGS** |

Comes now Plaintiff Donald H. Gardner, by his attorneys and files herewith his Response to Defendants' First Request for Production of Documents and Things to said Plaintiff.

1. All documents identifying plaintiff's alleged contribution to the Master.

**ANSWER:** Defendants are in possession of the original recording that took place in the studio located in New York city designated by Defendant Ramon Luis Ayala-Rodriguez p/k/a "Daddy Yankee" ("Defendant Yankee"). The resulting work is in the form of the Master (Dale Caliente'), that was edited, mixed, mastered, delivered, duplicated, distributed and sold by one or more of Defendants. Accordingly, all such documents and things are within the possession and control of Defendants.

2. All documents identifying plaintiff's alleged contribution to the Master.

**ANSWER:** See Plaintiff's response to Request number 1 above.

3. All documents related to the plaintiff's copyright filings concerning the Master.

**ANSWER:** None.

4. All documents related to the plaintiff's copyright filings concerning the Composition.

**ANSWER:** None.

5. All documents which purport to grant the plaintiff ownership in the Master.

**ANSWER:** None.

6. All documents which purport to grant the plaintiff ownership in the Composition.

**ANSWER:** None.

7. All documents concerning the allegations set forth in paragraph 19 of the Complaint.

**ANSWER:** **See Plaintiff's response to Request number 1 above.**

8. All documents concerning the allegations set forth in paragraph 17 of the Complaint.

**ANSWER:** **See Plaintiff's response to Request number 1 above.**

9. All documents concerning the allegations set forth in paragraph 18 of the Complaint.

**ANSWER:** **See Plaintiff's response to Request number 1 above.**

10. All documents concerning the allegations set forth in paragraph 19 of the Complaint.

**ANSWER:** **See Plaintiff's response to Request number 1 above.**

11. All documents concerning the allegations set forth in paragraph 20 of the Complaint.

**ANSWER:** None.

12. All documents concerning the allegations set forth in paragraph 21 of the Complaint.

**ANSWER:** None.

13. All documents related to plaintiff's alleged intent to co-author the Master.

**ANSWER:** See Plaintiff's response to Request number 1 above. Further, see Plaintiff's response to Defendants' First Set of Interrogatories.

14. All documents related to Yankee's alleged intent to co-author the Master.

**ANSWER:** See Plaintiff's response to Request number 1 above. Further, see Plaintiff's responses to Defendants' First Set of Interrogatories.

15. All documents related to plaintiff's alleged intent to co-author the Composition.

**ANSWER:** See Plaintiff's response to Request number 1 above.

16. All documents related to Yankee's alleged intent to co-author the Composition.

**ANSWER:** See Plaintiff's response to Request number 1 above.

17. All documents concerning the allegations set forth in paragraph 22 of the Complaint.

**ANSWER:** None.

18. All documents concerning the allegations set forth in paragraph 24 of the Complaint.

**ANSWER:** Plaintiff is unaware of any such documents. However, to the extent such documents exists, those documents are in the possession and control of one or more of the Defendants.

19. All documents concerning the allegations set forth in paragraph 25 of the Complaint.

**ANSWER: Defendants are in possession of the documents that support this allegation.**

20. All documents concerning the allegations set forth in paragraph 28 of the Complaint.

**ANSWER: Defendants are in possession of the documents that support this allegation.**

21. All documents concerning the allegations set forth in paragraph 29 of the Complaint.

**ANSWER: Defendants are in possession of the documents that support this allegation.**

22. All documents concerning the allegations set forth in paragraph 31 of the Complaint.

**ANSWER: Defendants are in possession of the documents that support this allegation.**

23. All documents which identify terms of compensation to plaintiff concerning plaintiff's performance on the Master.

**ANSWER: There are no formal documents that identify terms of compensation to Plaintiff concerning Plaintiff's performance on the Master other than the applicable portions of the U.S. Copyright Act (as amended).**

24. All documents which identify terms of compensation to plaintiff concerning plaintiff's alleged contribution to the Composition.

**ANSWER:** **There are no formal documents that identify terms of compensation to Plaintiff concerning Plaintiff's contribution to the Composition other than the applicable portions of the U.S. Copyright Act (as amended).**

25. All documents which identify terms of granting credit to plaintiff concerning plaintiff's performance on the Master.

**ANSWER:** **Plaintiff is unaware of any such documents. However, to the extent such documents exist, those documents are in the possession and control of one or more of the Defendants.**

26. All documents which identify terms of granting credit to plaintiff concerning plaintiff's alleged contribution to the Composition.

**ANSWER:** **Plaintiff is unaware of any such documents. However, to the extent such documents exist, those documents are in the possession and control of one or more of the Defendants.**

27. All documents concerning any communication between defendants or defendants' representation and plaintiff or plaintiff's representation.

**ANSWER:** **Plaintiff is unaware of any such documents concerning any communication between defendants or defendants' representation (which representation is taken to mean attorney Jonathan Pollack) and Plaintiff or Plaintiff's representation.**

28. All documents concerning any communication concerning the Master.

**ANSWER:** **Plaintiff will seasonably supplement his response hereto.**

29. All documents concerning any communication concerning the Composition.

**ANSWER:** **Plaintiff will seasonably supplement his response hereto.**

30. All documents concerning any communication between plaintiff and Levy.

ANSWER:   **Plaintiff will seasonably supplement his response hereto.**

31.   All documents concerning any communication between defendants and Levy.

ANSWER:   **Plaintiff is unaware of any such documents. However, to the extent such documents exist, those documents are in the possession and control of one or more of the Defendants.**

32.   All documents concerning any communication between the plaintiff and Prado.

ANSWER:   **None.**

33.   All documents concerning any communication between the defendants and Prado.

ANSWER:   **Plaintiff is unaware of any such documents. However, to the extent such documents exist, those documents are in the possession and control of one or more of the Defendants.**

RESPECTFULLY SUBMITTED,

BRUCE REGENSTREICH, ESQ.

By: _____
Bruce Regenstreich (2046)
110 Wall Street, Eleventh Floor
New York, New York 10005
212-567-8590

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served via electronic mail and first class United States mail, postage prepaid, this 4th day of August, 2008 to:

Jonathan S. Pollack
Attorney at Law
240 Madison Avenue
8th Floor
New York, NY 10016
JSPLegal2000@aol.com

*Attorney for Defendants:* Ramon Ayala-Rodriguez, El Cartel Records, Inc., and Los Cangris Publishing

Bruce Regenstreich
*Attorney for Plaintiff*